UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DEAN A. DOGLIETTO, individually
and on behalf of all other
similarly situated,

        Plaintiffs,

  v.

AT SYSTEMS WEST, INC., et al.,

        Defendants.
_____/

NO. CIV. S-05-2269 LKK/DAD

O R D E R

    Pending before the court is plaintiffs' motion to remand and request for sanctions. As I explain below, plaintiffs' motion to remand must be granted, as must the request for sanctions.

    On July 12, 2004, plaintiff, Dean A. Doglietto ("Doglietto"), brought suit individually and on behalf of all others similarly situated against defendant, AT Systems West, Inc. ("ATS," formerly known as "Armored Transported, Inc.") for overtime wages due, compensation for meal periods, compensation for rest periods, and

////

1

Labor Code § 203 penalties.[1] Plaintiff also alleges causes of action under the Unfair Competition Act and requests declaratory relief, accounting, injunctive relief, and wages, overtime, penalties and other compensation.

**A.  DEFENDANT'S FIRST REMOVAL PETITION**

On August 12, 2004, defendant removed the case to this court, arguing that plaintiff's claims are subject to Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. Shortly thereafter, plaintiff moved to remand.

Defendant argued in opposition that removal was proper because plaintiff's causes of action are preempted by the Labor Management Relations Act ("LMRA"). It contended that resolution of plaintiff's claim that he and the other class members were denied meal and rest breaks required interpretation of a collective bargaining agreement. This court explicitly rejected that argument in an order dated November 5, 2004 because there was no valid collective bargaining agreement governing plaintiff.[2] Moreover, the court's order predicated a second ground requiring remand

---

[1] Defendant is an armored car company engaged in the business of transporting, processing and warehousing cash, coins, checks and other valuables for banks and other businesses in its Sacramento branch. Plaintiff and each member of the class were employed as guards with various titles and job duties. Pl.'s Compl. at 3.

[2] Plaintiff tendered an NLRB decision which held that defendant engaged in unlawful practices by displacing the bona fide union with a "shell labor organization," and thus, during plaintiff's employment with defendant, no lawful collective bargaining agreement was ever reached with a certified union. See 339 NLRB No. 50 (2003), attached as Ex. 11 to Plaintiff's Request for Judicial Notice.

2

explaining that even if the collective bargaining agreement were valid and enforceable, plaintiff's claims would not be preempted by the LMRA because the rights at issue either did not require consideration of an agreement or were state created and non-negotiable.[3]  On November 4, 2004, this court granted plaintiff's motion to remand.

**B.   DEFENDANT'S SECOND REMOVAL PETITION**

Since the court's November 2004 order remanding the suit plaintiff has neither amended his complaint, nor added additional parties or facts.  Pl.'s Mot. for Remand at 7.  Nevertheless, on November 8, 2005, defendant removed to this court for the second time.[4]  Defendant claims that removal is appropriate because on October 7, 2005 the Sacramento County Superior Court granted class certification to all California driver-messenger guards.  Defendant

---

[3] The court engaged in a lengthy analysis as to each of plaintiff's three causes of action, and explained in detail why it was not necessary to interpret the terms the collective bargaining agreement to adjudicate each cause of action.  See Order at 13-16.  And see Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 403 (1988)(Section 301 [of the Labor Management Relations Act] has been construed to cover state law actions requiring interpretation of labor agreements).  In particular, the court stated that plaintiff's first cause of action, brought under California Labor Codes and wage orders, does not necessarily require interpretation of the CBA.  The second cause of action, brought under various sections of the California Labor Code, also does not require interpretation of any CBA.  Finally, the court noted that plaintiff's third cause of action, brought under the California Business and Professions Code, rests on a non-negotiable right under state law.  See Order at 13-16.

[4] The matter was given a new case number and first assigned to another judge, but pursuant to the Local Rules, on November 21, 2005, the court issued an order relating CIV. S-04-1639 and CIV. S-05-2269.

3

asserts that this "new fact" allows for removal because the court must now consider "all California Collective bargaining agreements (CBAs)," not just the one set aside by the NLRB, which governed only drivers in Sacramento.[5] According to defendant, plaintiff's motion to remand "fails because CBAS at issue across the state are valid" (emphasis in original). Opp'n at 1. Defendant then goes on to make the very same arguments regarding preemption under the LMRA that it did when it removed the suit the first time.[6]

Although the court found defendant's preemption theory under the LMRA untenable, in part because the CBA at issue in the first removal had been held invalid by the NLRB, this court made clear why even if the April 2000 agreement were valid and enforceable plaintiff's claims would not be preempted. Defendant simply ignores this portion of the order and makes the very same LMRA preemption arguments in its second removal petition and opposition brief that the court previously rejected.

Indeed, the court agrees with plaintiff that defendant's most recent attempt to remove demonstrates a willful disregard for the court's previous order and appropriate removal procedures, and appears to be no more than an effort to delay and unreasonably

---

[5] Defendant refers the court to an appendix of thirty-four collective bargaining agreements which it claims contains all the California CBAs which govern the employment of the class members in the case at bar. See Appendix of CBAs, filed November 8, 2005.

[6] Notably, defendant's arguments regarding LMRA preemption in its opposition brief appear to be "cut and pasted" in verbatim from its first opposition brief, which last year this court considered and rejected.

4

multiply the proceedings. As plaintiff maintains, the court's November 4, 2004 order is the law of the case, "and this court, as well as the litigants, are bound thereby." See <u>Rio Grande Western Ry. Co. v. Stringham</u>, 239 U.S. 44 (1915).[7] Plaintiff's motion to remand must therefore be GRANTED.

**C.   PLAINTIFF'S REQUEST FOR SANCTIONS**

Plaintiff requests that sanctions be imposed because defendant's "second removal of this case on the same grounds and on the same facts is the functional equivalent of asking this Court to reconsider its prior decision, which is improper." Mot. for Remand at 17. Plaintiff's assertion is well-taken.

In <u>Peabody v. Maud Van Cortland Hill Schroll Trust</u>, 892 F.2d 772, 775-76 (9th Cir. 1990), the Ninth Circuit explained that a sanctions award was proper where defendant could not show some relevant change subsequent to the first remand.[8] The court compared both petitions for removal and explained that where defendant removed based upon a theory that had been previously rejected by the district court, such petition was frivolous. <u>Id</u>.

---

[7] Plaintiff also argues that the court may not consider the merits of defendant's removal because the matter is barred by second removals and because it is untimely. Pl.'s Mot. to Remand at 8-12. See <u>Gravit v. Southwestern Bell Tel. Co.</u>, 430 U.S. 723 (1977)(court not permitted to review an order remanding a case to state court). That may very well be the case, but the court need not engage in further analysis given the law of the case doctrine.

[8] The district court imposed the sanctions required by plaintiff, ordering defendant to pay plaintiff the fees incurred as a result of the improper removal, and suspended him from the practice of law for a period not more than six months, pending the report of an ad hoc Committee on Discipline. See 892 F.2d at 774. The Ninth Circuit affirmed these sanctions.

5

1  at 777.  In the case at bar, both petitions for removal allege that
2  a federal question exists because plaintiff's claims, particularly
3  allegations concerning overtime compensation or meal/rest periods,
4  require the interpretation of the governing CBA.  Again defendant
5  argues, the resolution of these state law claims is governed by the
6  LMRA.  This argument was unambiguously rejected by the court in its
7  previous order.  Defendant claims that the relevant change is the
8  class certification order issued by the state court judge.
9  Directly put, class certification does nothing to change
10 plaintiff's three causes of action, none of which require
11 interpretation of a CBA.  The court concludes that defendant's
12 second removal petition is frivolous.
13     The Ninth Circuit has explained that the district court may
14 impose sanctions under its inherent power to promote the orderly
15 and just administration of its caseload but must follow its own
16 rules, make a finding of bad faith, and afford due process.
17 Peabody, 892 F.2d at 777 (citations omitted).  The Eastern District
18 of California's Local Rule 83-184 provides in part:

> In the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney. In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice.

25 The requirements of this district are subsumed in the due process
26 requirement.  Id.  In the case at bar, defendant had ample notice

6

that its removal notice was frivolous.  On October 27, 2005 and November 3,2005, upon defendant's threat of second removal to this court, plaintiff warned defendant in two letters that he believed a second removal would be frivolous and demonstrates "a willingness to employ delaying tactics and to increase litigation expenses at every turn."  See Cagney Dec., Ex. 1 and 2.

In sanctioning defendant, the Ninth Circuit in Peabody also explained that the court must make a separate finding of bad faith. Id. at 777.  Plaintiff has tendered evidence suggesting that defendant has improperly removed other similar suits brought against defendant for wage and hour violations.  For instance, in Amaya v. ATI Systems International, Inc., CV-04-9243 (C.D. Cal March 2005)(Matz, J.), defendant premised its removal of the suit on a CBA that was not applicable to plaintiff and attached this irrelevant CBA to its removal petition.  Defendant later made arguments in its opposition to a motion to remand based on a completely different CBA which did control plaintiff's employment terms with defendant.  In remanding the suit to state court, Judge Matz declined to award attorney's fees or costs, but stated that:

> Judge Karlton appears to have been "on the money" in finding that the defendant before him, AT Systems West, Inc., was making a "nonsense" argument based on a CBA found to have been void ab initio.  The facts in this case appear a wee bit murkier, but could also be construed to give rise to the inference that Defendants and their counsel acted in bad faith.  The court intends to be extremely vigilant in assessing any further comparable filings . . . .

Defendant's conduct in the previous removal which was premised on a CBA found to have been void ab initio, apparently improper

7

conduct in similar suits, as well as in the instant case where defendant removed the same suit based on a previously-rejected argument, warrants a conclusion that defendant has engaged in bad faith intended to delay adjudication of the merits of plaintiffs' claims.

In its opposition brief, defendant argues for denial of the request for sanctions because there was an "objectively reasonable" basis upon which they were entitled to remove the matter. Opp'n at 15 (citing Martin v. Franklin Capital Corp., 126 S.Ct. 704, 707 (2005)).[9] Defendant's only defense is that it had a reasonable basis for removal because other judges, including Judge Matz of the Central District of California, have analyzed other CBAs which govern class members in this suit and have found such CBAs to be valid. Opp'n at 15-16. This argument, as previously noted, completely ignores the court's analysis that no LMRA preemption

---

[9] In Martin, the Supreme Court articulated that:

> the appropriate test for awarding fees under § 1447(c) should recognize Congress' desire to deter removals intended to prolong litigation and impose costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied. In light of these "large objectives," the standard for awarding fees should turn on the reasonableness of the removal. In applying the general rule of reasonableness, district courts retain discretion to consider whether unusual circumstances warrant a departure in a given case. A court's reasons for departing, however, should be "faithful to the purposes" of awarding fees under § 1447(c)(citation omitted).

126 S.Ct. at 707.

exists notwithstanding the validity of any CBA.

The court finds it appropriate to award plaintiff's attorney's fees and costs pursuant to section 1447(c) of the removal statute. Defendant is ordered to pay plaintiff's counsel the sum of five thousand dollars ($5,000.00) within thirty (30) days of this order.[10] Defendant shall also file a declaration with this court concurrently with payment stating that this amount has been paid to plaintiff's counsel.

IT IS SO ORDERED.

DATED: January 23, 2006.

/s/Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[10] Plaintiff's counsel claims his office will have spent a total of $10,775 in researching, writing, and traveling to and attending the hearing on the motion to remand. See Cagney Decl. at 4. The declaration states that 6.5 partner hours and 12 associate attorney hours were spent on research, and 8 associate and 4 partner hours were spent on drafting the motion. The court determined that $5,000 would be appropriate for attorney's fees considering, inter alia, defendant's counsel stated that he charged his client approximately $3,000 for the removal petition.